## FOSTER *vs.* NEWBROUGH.

There is no rule which requires the items of an account to be furnished before the creditor can bring an action to compel payment.

An attorney suing his client for services rendered and money advanced, may testify as to the amount of disbursements made by him for the defendant, in traveling, although no items were furnished, before payment.

Although, in such an action, evidence of what the costs would have been, in an action, is not proper, to fix the value of services rendered by the attorney, yet it may be given to the referee as a piece of evidence from which, with other matters in proof, he can judge as to the value of the services rendered. The plaintiff is not to recover what would have been taxable costs, but what the services were worth. The proof of taxable costs for similar services may be used for establishing their value.

A receipt was in these words, signed by the plaintiff: "Received payment in full for services to date, for services." The plaintiff was allowed to explain in regard to this receipt, and to state the circumstances under which it was given *Held* that the receipt, on its face, being uncertain, and needing explanation, it was proper to allow the plaintiff to state what the paper was for, and what statements were made by the defendant when it was given to him; especially after the defendant had testified to the conversation between him and the plaintiff at the time the receipt was given.

After the plaintiff had finished the rebutting testimony on his part, the defendant offered witnesses to sustain his testimony on the defence, and to contradict the plaintiff's evidence in rebuttal. *Held* that this testimony was properly excluded.

After a defendant has testified to what passed between him and the plaintiff on a certain occasion, it is not erroneous to permit the plaintiff to state what he remembers of the conversation between them, on the ground that his testimony tends to vary a written contract. If the defendant wishes to confine the plaintiff to a written contract, he should not open the door for parol testimony by giving it on his own behalf in the first instance.

A defendant, examined as a witness, was asked, on putting a receipt in evidence, whether there was not a letter attached to it, when received. He answered, he did not remember; that he did not tear it off; and that he had not in his possession any letter from the plaintiff. *Held* that this examination was sufficient to enable the plaintiff to prove there was a letter attached to the receipt, and to give in evidence a press copy of such letter.

It is proper to prove such a letter, as a part of the *res gestæ* in giving the receipt, and as explanatory of it.

THIS action was brought to recover for services rendered by the plaintiff as attorney and counsellor and for money advanced.

The answer denied every allegation in the complaint, except the employment of the plaintiff in the suits specified in the complaint, and alleged that the plaintiff agreed to render services for a small compensation ; that the plaintiff rendered accounts, at different times, which the defendant promptly paid ; and that prior to action he had a full settlement and paid all claims against him.

The case was tried before a referee, who reported in favor of the plaintiff, and judgment was entered upon his report ; from which the defendant appealed.

*S. J. Glassey*, for the plaintiff.

*John D. Broome*, for the defendant.

*By the Court*, INGRAHAM, P. J.   The evidence on the part of the plaintiff consisted, mainly, of testimony as to the various suits which the plaintiff had in charge and the services rendered in each.   In the course of this examination the plaintiff testified to disbursements in going to Washington for the defendant.   This was objected to because the items were not furnished, before he was compelled to pay the account.   The objection was overruled.

There was no objection to the defendant's stating the amount of the disbursements.   The defendant had the right, on cross-examination, to inquire into the items. There is no rule which requires the items of an account to be furnished before the creditor can bring an action to compel payment.

Another objection was taken, to the plaintiff's stating what the taxable costs would have been, in an action. While such evidence is not proper to fix the value of services rendered, I see no objection to its being given to the referee as a piece of evidence from which, with other matters in proof, he can judge as to the value of

the services rendered. The plaintiff is not to recover what would have been taxable costs, but what the service was worth. The proof of taxable costs for similar services might be used for establishing their value.

A receipt was given November 19, 1870, which was, "Received payment in full for services to date, for services," signed by the plaintiff. The plaintiff was allowed to explain in regard to that receipt, and the circumstances under which it was given; to which the defendant excepted. The receipt, on its face, was uncertain, and needed explanation, even if the general rule was not that a receipt is always open to explanation. There can be no doubt as to the propriety of allowing the plaintiff to state what the receipt was for, and the statements of the defendant when the receipt was given to him.

There is, however, a still stronger reason for the admission of this testimony; and that is, that the defendant had already testified to the conversation had between him and the plaintiff when the receipt was given, and there was no reason why the plaintiff should not give his statement of what passed at the giving of the receipt, as well as the defendant.

After the plaintiff had finished the rebutting testimony, on his part, the defendant offered witnesses to sustain his testimony on the defence, and to contradict the plaintiff's evidence in rebuttal. This was properly excluded. It was a subject that had been inquired into on the defence, and witnesses had been examined. There was no propriety in opening the case again, to sustain the defendant in matters which he had once inquired about. Although it is a matter in the discretion of the court, the better rule is not to suffer such a course of proceeding.

Nor do I see any objection to evidence of what passed between the parties at the first retainer in the patent suits. The defendant had testified to what passed, and

the plaintiff was allowed to state what he remembered of the conversation between them.   It would be a strange rule that would permit one party to state a conversation between him and his adversary, and then prevent the other party from making a similar statement because it varied the written contract.   If the defendant wished to confine the party to a written contract, he should not have opened the door for parol testimony by giving it on his own behalf in the first instance.

The plaintiff gave in evidence a press copy of a letter which he testified was attached to Exhibit No. 4, when he sent it to the defendant by mail.   This was objected to, on the ground that the necessary steps had not been taken to allow the introduction of a copy, and that it would not be evidence, if it had been so proved.

The first objection would have been a valid one if it had been correct; but there was sufficient given before, by the defendant, to warrant its introduction.   He was asked, when he put in evidence the receipt (Exhibit 4,) whether there was not a letter attached to it.   He said he did not remember; that he did not tear it off; and he had not in his possession any letter from the plaintiff.   This examination was sufficient to enable the plaintiff to prove there was a letter attached to the receipt; and to give in evidence a press copy of such letter.

There can be no doubt about the propriety of proving such a letter as a part of the *res gestæ* in giving the receipt, and explanatory of it.

There is an exception to the refusal of the referee to state an account between the parties after his report as stated in the defendant's points.   If there was any such application made after the report, it is not available on this appeal.   The referee has stated in his opinion the items he had passed upon, from which it is easy to ascertain those which have been allowed.

We see no error upon the trial which will justify us in setting aside the judgment.

Judgment affirmed.

[FIRST DEPARTMENT, GENERAL TERM, at New York, November 3, 1873. *Ingraham* and *Fancher*, Justices.]